**Ray Letcher WILLIAMS, Petitioner,**

v.

**Michael DUTTON, etc., et al., Respondents.**

Civ. A. No. 3:87–0381.

United States District Court, M.D. Tennessee, Nashville Division.

May 26, 1987.

Opinion on Motion to Dismiss July 17, 1987.

Opinion on Motion for Reconsideration Aug. 11, 1987.

Ray L. Williams, pro se.

Betty Springfield–Carter and Jerry Smith, Asst. Attys. Gen., State of Tenn., Nashville, Tenn., for respondents.

## MEMORANDUM OPINION AND ORDER

NEESE, Senior District Judge,
Sitting by Designation and Assignment.

The petitioner Mr. Ray Letcher Williams applied *pro se* for the federal writ of habeas corpus, claiming he is in the custody of the respondent-warden pursuant to the judgment of conviction of May 8, 1979 of the Criminal Court of Tennessee for its 11th judicial district (comprising Hamilton County) in violation of the federal Constitution, Fourteenth Amendment, § 1, Right to the Due Process of Law Clause. 28 U.S.C. §§ 2241(c)(3), 2254(a). Mr. Williams claims that he exhausted his available state-remedies, by having presented fairly his claims herein to the Court of Criminal Appeals of Tennessee and to the Supreme Court of Tennessee. 28 U.S.C. § 2254(b).

Mr. Williams claims that he was denied the due process of the law because the evidence admitted against him during his trial was insufficient to support a verdict of his guilt, and because the trial court erred in admitting certain testimonial and physical evidence. "A[n] essential of the due process guaranteed by the Fourteenth Amendment [is] that no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof—defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." *Jackson v. Virginia,* 443 U.S. 307, 316, 99 S.Ct. 2781, 2787, 61 L.Ed.2d 560 (1979).

It not appearing plainly on preliminary consideration of the face of the applicant's petition that he is not now entitled to relief in this Court, Rule 4, Rules—§ 2254 Cases, it hereby is

ORDERED that the respondent-warden file an answer conformable to Rule 5, Rules—§ 2254 Cases, within 23 days herefrom, and that a copy of the petition herein and of this order be served forthwith by the clerk of this Court by certified-mail on the respondent-warden and the attorney-general and reporter of Tennessee. Rule 4, Rules—§ 2254 Cases. (The noticed slow movement of the mail constitutes good cause for the additional time granted.)

Should it be the respondent's contention that the petitioner has not exhausted his available state-remedies, he may limit his answer to such issue, in which event the Court will consider the exhaustion-matter first and will allow the respondent additional time thereafter in which to file a supplemental answer, addressing the merits of the petition, if indicated.

## ON MOTION TO DISMISS

The respondent answered, *see* order herein of May 26, 1987 and moved this Court to dismiss the petition herein on the ground that it constitutes a successive petition and amounts to an abuse of the writ of habeas corpus. The petitioner moved this Court to deny the respondent's motion.

Rule 9(b), Rules—§ 2254 Cases, provides as follows:

*Successive petitions.* "A second or successive petition may be dismissed * * * if new and different grounds are alleged, [and] the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ."

It is clear that Mr. Williams filed with this Court a prior petition for the writ of habeas corpus.

"Full consideration of the merits of the new application [herein] can be avoided only if there has been an abuse of the writ or motion remedy; and this the Government has the burden of pleading." *Sanders v. United States,* 373 U.S. 1, 17, 83 S.Ct. 1068, 1078 [14], 10 L.Ed.2d 148 (1963). The respondent has met its burden.

Thus, Mr. Williams must have shown that the withholding of the new claims presented herein does not constitute such abuse. *Price v. Johnston,* 334 U.S. 266, 292, 68 S.Ct. 1049, 1063, 92 L.Ed. 1356 (1948). Mr. Williams argues that he did not deliberately withhold his claim of the

insufficiency of the evidence presented herein; he claims that, because he was not represented by counsel, he presented it in an inartful and vague manner, but that it was presented.

If Mr. Williams, because he was acting without the benefit of counsel, failed to bring adequately his claim of insufficiency of the evidence to the attention of the District Court because of the inartful presentation of such claim, then this Court would conclude that he did not deliberately withhold his claim and that the first petition does not have a res judicata effect vis a vis the petition herein. *See U.S. Ex Rel. Mitchell v. LaVallee*, 417 F.Supp. 154, 156 (D.C.N.Y.1976).

A review of the petition herein and of the first petition filed by Mr. Williams reveals, however, that the claims he presents herein were not presented in any way, in the first petition as grounds upon which he was seeking habeas corpus relief.

The sufficiency of the evidence was indeed referred to, but only as a ground upon which he appealed his conviction in the Court of Criminal Appeals of Tennessee. Therefore, the claim was not presented inartfully, for it was not presented at all, even though Mr. Williams was apparently aware of such claim and had presented it on appeal.

The Court FINDS that the petitioner has failed to show that he has not abused the writ, leading this Court to FIND further, as it must do before dismissing the petition herein, the "failure to have asserted the new grounds in the prior petition to be inexcusable." Advisory Committee Note, Rule 9(b), Rules—§ 2254 Cases. The respondent's motion herein hereby is

GRANTED and the instant application DENIED as constituting an impermissible successive petition. The petitioner's motion hereby is DENIED.

Should the petitioner give timely notice of an appeal from this order and the judgment to be entered herein, Rule 58(1), F.R. Civ.P., such notice will be treated also as an application for a certificate of probable-cause, Rule 22(b), F.R.App.P. which will NOT issue because the application herein constitutes a successive petition under Rule 9(b), *supra*.

## ON MOTION FOR RECONSIDERATION

The petitioner Mr. Ray Letcher Williams filed a motion to reconsider the Court's order herein of July 17, 1987, denying his application for the writ of habeas corpus as constituting an impermissible successive petition. Mr. Williams continues to argue that he did not withhold deliberately his claim of insufficiency of the evidence when he filed his first petition to this Court but that it was simply presented inartfully. The Court has previously addressed this argument, *see* order of July 17, 1987.

Mr. Williams seems to claim also that he intended to present such claim to this Court as a habeas-corpus claim, but that, because he was without the benefit of counsel, he alleged mistakenly such claim in an improper place on the application. In his first application, Mr. Williams managed to properly present four grounds upon which he sought habeas-corpus relief. As he was obviously aware of the appropriate place on the application to present his habeas-corpus claims, the Court is not persuaded by his argument. Therefore, the motion to reconsider hereby is DENIED.